*Platzer, Swergold, Levine,*
*Goldberg, Katz & Jaslow, LLP*
*Counsel for Plaintiff-Debtor*
*and Debtor In Possession*
475 Park Avenue South, 18th Floor
New York, NY 10016
(212) 593-3000
Cliff A. Katz
Scott L. Swanson

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ADONI GROUP, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-11841 (MKV) |
| THE ADONI GROUP, INC.,<br><br>Debtor.<br><br>v.<br><br>EXPRESS TRADE CAPITAL, INC.,<br><br>Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT** |

Plaintiff, The Adoni Group, Inc. ("**Debtor**" and "**Plaintiff**"), the debtor and debtor in possession in the above-captioned Chapter 11 case, by its attorneys, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP ("**Platzer**"), as and for its complaint against the defendant Express Trade Capital, Inc. ("**Defendant**"), in this adversary proceeding (the "**Adversary Proceeding**"), respectfully alleges as follows:

**I.     JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B)(F) and (O).  In the event that this Court determines that any of the causes of action, as alleged herein, are not core proceedings, the Debtor consents to entry of final orders and judgments by this Court determining such causes of action.

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. This Adversary Proceeding is commenced against Defendant pursuant to 11 U.S.C. §§ 105(a), 502(d), 547(b), 550(a), 551(a), and Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking to recover preferential transfers of Debtor's assets and to disallow any and all claims of Defendant against Debtor's estate (the "**Estate**").

**II.    CASE BACKGROUND**

5. On June 19, 2014 (the "**Petition Date**"), an involuntary petition was filed against Debtor pursuant to 11 U.S.C. § 303.

6. On June 27, 2014, the Court ordered the case converted to one under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

7. Debtor continued to manage its business and property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

8. The Court approved retention of Platzer as counsel to the Debtor by order entered September 4, 2014.

9. No trustee or examiner has been appointed in this case.

2

**III.    THE PARTIES**

10.    Debtor is a corporation duly incorporated under the laws of the State of New York.

11.    Upon information and belief, Defendant is a corporation with its principal place of business located at 1410 Broadway, Suite 2600, New York, New York 10018.

**AS AND FOR A FIRST CAUSE OF ACTION
PURSUANT TO 11 U.S.C. §§ 547, 550(a) and 551(a)**
(Preference)

12.    Debtor repeats and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

13.    Within ninety (90) days prior to the Petition Date, Debtor transferred a payment or payments to Defendant in an amount not less than $188,994.33 (the "**Preference Payments**").

14.    Upon information and belief, the Preference Payments were made to or for the benefit of Defendant.

15.    Upon information and belief, the Preference Payments were remitted to Defendant for or on account of an antecedent debt or debts owed by Debtor to Defendant.

16.    Upon information and belief, the Preference Payments were made while Debtor was insolvent or the transfers rendered the Debtor insolvent.

17.    Upon information and belief, the Preference Payments enabled Defendant to receive more than Defendant would have receive if: (i) the case were one under Chapter 7 of the Bankruptcy Code; (ii) the Preference Payments had not been made; and (iii) Defendant received payment of its debt to the extent provided by the Bankruptcy Code.

18.     Upon information and belief, Defendant is the initial transferee of the Preference Payments or the entity for whose benefit such transfer was made, or is the immediate or mediate transferee of such initial transferee, as those terms are used in 11 U.S.C. § 550(a).

19.     As a result of the foregoing, Debtor is entitled to judgment against Defendant pursuant to 11 U.S.C. § 547, avoiding the Preference Payments as preferential transfers.

20.     As a result of the foregoing, Debtor is entitled to judgment against Defendant pursuant to 11 U.S.C. § 551, preserving the avoided Preference Payments for the benefit of the estate of Debtor.

21.     As a result of the foregoing, Debtor demands judgment against Defendant for the Preference Payments or their value in an amount not less than $188,994.33 plus interest from the date of the Preference Payments.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO 11 U.S.C. §§ 502, 547 and 550
(Disallowance of Claims)

22.     Debtor repeats and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

23.     Section 502(d) of the Bankruptcy Code provides for, *inter alia*, the disallowance claims of a recipient of a transfer voidable under 11 U.S.C. § 547, unless such transferee has paid or turned over amounts recoverable under 11 U.S.C. § 550.

34.     Defendant has not paid or surrendered to Debtor the Preferential Payments and, as such, any unsecured claim of Defendant must be disallowed.

35.     As a result of the foregoing, Debtor demands judgment against Defendant disallowing any and all claims of Defendant against Debtor's estate pursuant to 11 U.S.C. §§ 502(d), 547, and 550 of the Bankruptcy Code.

4

**WHEREFORE**, Debtor respectfully requests that this Court enter a judgment in its favor and against Defendant as follows: (i) on the First Cause of Action, avoiding the Preferential Payments pursuant to 11 U.S.C. § 547(b), preserving the avoided Preferential Payments for the benefit of the estate of Debtor pursuant to 11 U.S.C. § 551(a), and for recovery of the Preferential Payments or their value in amount not less than $188,994.33 from Defendant pursuant to 11 U.S.C. § 550, together with interest thereon from the date of each of the Preference Payments; (ii) on the Second Cause of Action, disallowing any and all claims of Defendant against Debtor's estate pursuant to 11 U.S.C. § 502(d), together with such other and further relief as this Court deems just and proper; and (iii) for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 16, 2016

                                  **PLATZER, SWERGOLD, LEVINE
GOLDBERG, KATZ & JASLOW, LLP**

                By:     s/Cliff A. Katz
                         Cliff A. Katz
                         Scott L. Swanson
                         475 Park Avenue South, 18th Floor
                         New York, New York 10016
                         (212) 593-3000
                         *Counsel for Plaintiff-Debtor
                         and Debtor in Possession*